UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HURTWITZ,

                Plaintiff,        Civil Action No. 14-cv-10040
                                          Honorable Nancy G. Edmunds
                                          Magistrate Judge David R. Grand
v.

PINNACLE FINANCIAL GROUP, INC.,

                Defendant.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S FIRST MOTION TO DISMISS [5], AND TO DENY, AS MOOT, DEFENDANT'S SECOND MOTION TO DISMISS [9]

**I.    RECOMMENDATION**

Before the Court are two motions to dismiss filed by Defendant Pinnacle Financial Group, Inc., ("Pinnacle"). The first one was filed on January 15, 2014, and sought to dismiss Plaintiff Edward Hurtwitz's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. [5]. When Hurtwitz failed to respond to that motion, the magistrate judge then assigned to the case issued an order advising Hurtwitz that his failure to respond to Pinnacle's motion by February 18, 2014, would "result in a recommendation that [Hurtwitz's] claim be dismissed with prejudice." [8]. When Hurtwitz failed to file a response to Pinnacle's motion by February 18, 2014, Pinnacle filed its second motion to dismiss. [9]. To date, Hurtwitz has not responded to either motion. For the following reasons, the Court now RECOMMENDS that Pinnacle's first motion to dismiss [5] be GRANTED, its second motion to dismiss [9] be DENIED AS MOOT, and that Hurtwitz's complaint be dismissed WITH PREJUDICE.

**II.** **REPORT**

    **A.** **Background**

Hurtwitz, proceeding *pro se*, filed a complaint in state district court alleging that Pinnacle violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"),.15 U.S.C. § 1681, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. On January 7, 2014, Pinnacle removed the case to this Court under this Court's federal question jurisdiction. 28 U.S.C. § 1331.

According to Pinnacle, Hurtwitz's complaint reads in full:

> For my two accounts 1372892557 & 1483356711 the defendant did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA. They continued to collect on my debt. The Defendant is responsible for $500 + statutory damages per the FCRA and FDCPA. In addition, they also called me multiple times on my work and cell phone which is a violation of the TCPA for robo calling. The Defendant is responsible for statutory damages for each call made.[1]

On January 14, 2014, Pinnacle moved for an extension of time to answer and, on January 15, 2014, moved to dismiss Hurtwitz's complaint. [4, 5]. On January 16, 2014, this case was referred to another magistrate for all pre-trial purposes, and that magistrate judge issued an order denying Pinnacle's motion for an extension of time as moot, and further ordering Hurtwitz to respond to the pending motion to dismiss on or before February 18, 2014. [8]. The magistrate judge specifically warned Hurtwitz that his "[f]ailure to respond *will* result in a recommendation

---

[1] In its first motion to dismiss, Pinnacle purports to provide the quoted language from Hurtwitz's complaint. However, it failed to attach to its motion the page of Hurtwitz's complaint containing this verbiage. As noted, however, Hurtwitz has not objected to Pinnacle's characterization of his complaint. Moreover, in state court, Hurtwitz had filed complaints that were virtually identical to the one quoted above against three other defendants, including Second Round LP, Merchants Association Collection Division and Credit Protection Association. Each defendant removed its case to federal court and the cases were assigned to separate district judges. *See* Case Nos. 13-14282, 13-14389, 13, 14392. In each case the defendant filed a dispositive motion, and in each case Hurtwitz did not respond. Every court has granted the defendants' dispositive motions and dismissed Hurtwitz's complaints. *See id*.

2

that [his] claim be dismissed with prejudice." (*Id.*). Hurtwitz never responded to the motion to dismiss, and on February 27, 2014, Pinnacle filed a second motion to dismiss premised on Hurtwitz's failure to respond. [9]. To date Hurtwitz has not responded to either motion. On April 9 and 10, 2014, respectively, the matter was reassigned and re-referred to this Court.

### B. Legal Standard[2]

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they

---

[2] The law in this Circuit is not entirely clear whether a party's mere failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion. *Compare Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991) (abuse of discretion to grant 12(b)(6) motion to dismiss solely premised on failure to respond unless failure also rises to level of failure to prosecute) *with Scott v. State of Tennessee*, 878 F.2d 382, 1989 U.S. App. LEXIS (6th cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). While the Court here finds that dismissal would be appropriate due to Hurtwitz's failure to respond to Pinnacle's motion, not only in the first instance, but after receiving the Court's warning, out of an abundance of caution, the Court also addresses Pinnacle's initial motion on its merits and recommends denying its second motion as moot.

must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 129 S. Ct. at 1949. *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

    **C.    Analysis**

Here, Hurtwitz's complaint, even given the liberal reading afforded *pro se* litigants' complaints, fails to state a claim upon which relief can be granted under the FDCPA, the FCRA

or the TCPA.  With regard to his FDCPA claim, Hurtwitz fails to allege that he notified the debt collector in writing within the 30-day period set forth in 15 U.S.C. § 1692g(a) and (b).  *See Hurtwitz v. Second Round, L.P.*, No. 13-14389, 2013 U.S. Dist. LEXIS 6128, *2 (E.D. Mich. Jan. 17, 2014).  With regard to his FCRA claim, Hurtwitz has failed to plead either the particular section of the statute he believes was violated or the group under which he believes Pinnacle falls.  *See Hurtwitz*, 2013 U.S. Dist. LEXIS at *2, citing *Barkho v. Homecomings Fin., L.L.C.*, 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009).

Finally, Hurtwitz's complaint fails to state a claim under the TCPA because it fails to plead any of the facts necessary to satisfy the *Twombly/Iqbal* standard for a TCPA claim, namely "(i) the number of allegedly unlawful calls received, (ii) the approximate dates and times of these calls, and (iii) circumstances that would support the inference that these calls were placed with a[n] automatic telephone dialing system or an artificial or prerecorded voice."  *Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 U.S. Dist. LEXIAS 53833, *5-6 (E.D. Mich. Apr. 18, 2014) (collecting cases with similar pleadings, facing an identical circumstance where plaintiff failed to respond to motion to dismiss).  Therefore, Pinnacle's first motion to dismiss Hurtwitz's complaint under Rule 12(b)(6) [5] should be granted, and its second motion to dismiss [9] should be denied as moot.

### III.  CONCLUSION

For the above cited reasons, the Court **RECOMMENDS** that Pinnacle's first motion to dismiss Hurtwitz's complaint **[5]** be **GRANTED**, its second motion to dismiss **[9]** be **DENIED AS MOOT**, and Hurtwitz's complaint be **DISMISSED WITH PREJUDICE**.

| | |
|---|---|
| Dated: April 29, 2014 | s/David R. Grand |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
